STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. VIN-
CENZO PISCITELLI, FRANK GENTILE, FILOMENA
GENTILE, ANTONIO LANNI AND SALVINA LANNI,
PLAINTIFFS IN ERROR.

Argued May 6, 1936—Decided October 2, 1936.

Before Brogan, Chief Justice, and Justices Case and
Perskie.

For the state of New Jersey, *Douglas M. Hicks.*

For the plaintiffs in error, *John E. Toolan.*

Per Curiam.

Five persons were indicted for the crime of arson. One of
them entered a plea of guilty. The other four went to trial
and were convicted; and of the convicted defendants Antonio
Lanni and Salvina Lanni, husband and wife, appeal. The
case comes up on specification of causes of reversal under the
one hundred and thirty-sixth section of the Criminal Pro-
cedure act.

It is first said that the verdict is contrary to the weight of
the evidence and that the trial court erred in refusing to
direct a verdict in favor of the appellants. We think that the

verdict against Mrs. Lanni should be reversed on both grounds. The evidence against her is sufficient to engender suspicion but not to support a conviction. Title to the property was in her name. She had knowledge that several months before the crime additional insurance was placed sufficient to bring the gross sum up to the value of the buildings. Perhaps she participated in procuring that coverage. These and other incidents in the proof are consistent with guilt but are also consistent with innocence. Motive for, but not execution of, the crime was shown. Otherwise, however, as to Antonio Lanni. It was proved without contradiction that during the period of two days immediately preceding the crime Piscitelli, another of the convicted defendants, had bought, by the can and from various service stations, an aggregate of approximately forty-five gallons of gasoline, that he had also purchased, during the same time, ten gallons of turpentine, and that he was at the building in question a few hours before its destruction. Lanni is brought significantly within those circumstances by the evidence that during the evening preceding that on which the crime was committed he bought, on a credit slip chargeable to Piscitelli, two five-gallon cans of gasoline, and that the customer's copy of the charge slip, which was delivered to Lanni, was discovered a few hours after the commission of the crime in the pocket of a suit of clothes in the attic of the Piscitelli home. Those clothes carried the odor of gasoline as did the shoes found with them. Certain rags and bits of carpet picked out of the ruins of the Lanni building and subjected to chemical analysis were shown to contain gasoline and turpentine. The conspicuous absence of the entire Lanni family from the premises on the night of the catastrophe, the location of the fire insurance policies, safe and entire, at the house where the Lannis then were, a mysterious and unexplained telephone call to that abode from the Piscitelli house in the very early morning following the destruction of the building—all of these circumstances accumulate to make a case for the jury and to support the verdict against Lanni.

The second point on the appeal is that the state failed to

prove the crime of arson. This grounds in the fact that there was a tremendous explosion which wrecked the building. The contention is that there is no proof of a fire before the explosion and that while there is proof of a fire thereafter it was the burning of blasted ruins and not of a dwelling house. The presence of two highly inflammable substances—gasoline and turpentine—within the house before the explosion may be inferred from the testimony of Gustave R. Steffens. The explosion occurred at about two-thirty in the morning. Three hours earlier a witness had noticed a faint light in the house. The explosion awakened John Palko, a neighbor directly across the way, who testifies that "all I saw was flames," and also Mrs. Palko who testifies "it seemed as though everything was afire." After the building had been blown asunder, there was fire within the foundations where the building had stood, and also "in the grass" and along "the fence." If, as we think the jury could have found, the building was in flames at least contemporaneously with the occurrence of the explosion, then the fire in its origin was in and of the building as such and not merely in and of the ruins of the building. It is almost inconceivable that an explosion of such violence as to level a two-story brick building and to leave merely a hole where the structure had been, to damage other buildings for blocks around and to hurl from their beds and to injure people in the neighboring houses, could have occurred without doing physical injury to anyone within the demolished building. The jury could, and doubtless did, find that no one was within the fated building at the time of the explosion, that the blast was due to the spread of a fire set by the perpetrators before leaving the premises and that the fire thereafter observed was merely a survival of that which had preceded, and had been the cause of, the explosion.

There are further objections to the refusal of the court to strike certain testimony and to portions of the charge. We find no reversible error thereunder.

The judgment below should be affirmed.